UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**CHRISTINE MAGILL,**

                        **Plaintiff,**

                **v.**                            5:2001-CV-1482

**PRECISION SYSTEMS MFG., INC. and**
**J.G.B. ENTERPRISES, INC.,**

                        **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Sonneborn, Spring & O'Sullivan, P.C.
Laura L. Spring, Esq., of Counsel
241 West Fayette Street
The Seneca Building
Syracuse, New York 13202
Attorneys for Plaintiffs

Hancock & Estabrook, LLP
John T. McCann, Esq., of Counsel
Lindsey Helmer Hazelton, Esq., of Counsel
1500 MONY Tower I
Syracuse, New York 13221
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief Judge:**

## MEMORANDUM-DECISION AND ORDER

On February 27, 2006 this Court issued a Memorandum-Decision and Order (Dkt. No. 78) denying the motion by defendant J.G.B. Enterprises, Inc. ("JGB") for summary judgment (Dkt. No. 48) and granting in part and denying in part the motion by defendant Precision Systems Mfg., Inc. for summary judgment (Dkt. No. 59). On March 8, 2006, JGB moved (Dkt. No. 81) for reconsideration of the order denying its summary judgment motion.

A court may grant reconsideration of a judgment or interlocutory order to afford such

relief as justice requires, based on an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice. *See Doe v. N.Y. City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983); 18 *C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure* § 4478, at 790 (1981). Local Rule 7.1 (g) implements this power. A motion for reconsideration is not an opportunity to reargue that which was previously decided. *See, e.g., American Civil Liberties Union v. Department of Defense*, 396 F.Supp.2d 459, 461 (S.D.N.Y. 2005).

JGB does not assert that there is an intervening change in controlling law. Further, JGB does not submit previously unavailable evidence; rather, it relies on its prior submissions. Nor does JGB point out any error in the Court's factual recitation nor does it show that the Court made a clear error in its recitation of the law. Rather, JGB disputes the conclusions drawn by the Court in its application of the law to the facts. Essentially, JGB attempts to reargue that which was previously decided.

In its February 27, 2006 Memorandum-Decision and Order, the Court discussed in detail the record facts and explained its reasoning on the issues presented by JGB's motion. The Court is not persuaded by JGB's efforts to characterize its ruling as a manifest injustice. JGB has presented no ground for reconsideration of that decision.

It is therefore

ORDERED that JGB's motion for reconsideration (Dkt. No. 81) is denied.

IT IS SO ORDERED.
March 28, 2006
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

-2-